IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPUTERSHARE TRUST COMPANY, NATIONALASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF BBCMS MORTGAGE TRUST 2023-C19, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2023-C19,<br><br>       Plaintiff,<br><br>       v.<br><br>PENNBROOK PORTFOLIO CC LLC,<br><br>       Defendant. | CIVIL ACTION<br><br>NO. 25-CV-00247 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff seeks summary judgment in a commercial mortgage foreclosure action and is requesting over $10 million in damages, including default interest, a yield maintenance premium exceeding $1.4 million, special servicing fees, and attorneys' fees.

Summary judgment is improper because Plaintiff has not established standing as a matter of law, Plaintiff has not demonstrated that its purported servicer has authority to prosecute this action, and Plaintiff relies on conclusory business-record assertions that are lacking an adequate Rule 803(6) foundation.  Material factual disputes exist regarding notice, default interest accrual, and damages calculations and Plaintiff has not met its burden to prove entitlement to extraordinary

contractual charges such as yield maintenance, default interest, and special servicing fees. At a minimum, summary judgment must be denied as to damages.

## II. LEGAL STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a).** The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A court may not weigh evidence or make credibility determinations at summary judgment. Id. at 249.

## III. ARGUMENT

### A. Plaintiff Has Not Established Standing as a Matter of Law

To foreclose, a plaintiff must establish it was the holder of the note at the time the action commenced. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1265 (Pa. Super. Ct. 2013). Standing must exist at the time suit is filed. *Id*. Here, Plaintiff relies solely on a declaration asserting that it has been in possession of the original Note "before and at all times since the commencement of this action." The declaration does not identify who had physical custody of the Note in a situation where there were several assignments, nor does it state when or how possession was obtained. Additionally, the declaration doesn't describe any custodial records, attach a bailee letter or custodial certification, and there is no documentary proof of possession at filing provided.

A conclusory assertion of possession is insufficient at summary judgment. *See U.S. Bank Nat'l Ass'n v. Mallory*, 982 A.2d 986, 994 (Pa. Super. Ct. 2009) (foreclosure plaintiff must

establish chain of possession of the note). Because possession at commencement is not conclusively established and there have been several assignments, standing remains a disputed issue of material fact that should prevent summary judgment.

**B. Plaintiff Has Not Established Authority of Its Special Servicer**

Plaintiff relies on a declaration from an employee of K-Star Asset Management LLC, asserting it is the "Servicer" and attorney-in-fact. However, the Pooling and Servicing Agreement ("PSA") is only partially provided, and there is no evidence of such authority. The PSA appears to be well over two hundred pages, but only ten pages have been provided by the Plaintiff as an exhibit. No evidence provided demonstrates compliance with any PSA transfer provisions or establishes the scope of authority delegated for litigation, and no independent authentication of agency authority is provided. Agency authority must be proven, not assumed. *Basile v. H&R Block, Inc.*, 761 A.2d 1115, 1120 (Pa. 2000). A bare assertion of authorization does not eliminate the factual dispute.

**C. The Furay Declaration Lacks Adequate Business Records Foundation**

Plaintiff relies heavily on a declaration of an employee of the servicer stating that records are maintained in the ordinary course of business. Under Federal Rule of Evidence 803(6), a business records affidavit must establish the record was made at or near the time by someone with knowledge, that it was kept in the regular course of business activity, and that making the record was a regular business practice. *Kirleis v. Dickie, McCamey & Chilcote, P.C.* 560 F.3d 156, *(3d Cir. 2009)*. Where records are received from a prior servicer, as is the case here, the affiant must demonstrate knowledge of the integration and reliability of those records. Id. The declaration does not explain how prior servicers' records were integrated, how payment histories were verified, or

how calculations were derived. These deficiencies are insufficient to eliminate genuine factual disputes.

**D. Material Disputes Exist Regarding Notice and Acceleration**

Strict compliance with contractual notice provisions is required in mortgage foreclosure actions. Plaintiff has not produced proof of delivery of the Notice of Default, proof of delivery of the Notice of Acceleration, tracking confirmations, or affidavits of mailing. Without proof of proper notice, summary judgment is improper.

**E. Plaintiff Has Not Established Damages as a Matter of Law**

Summary judgment must be denied as to damages as calculations included in the total are missing or lack detail. Plaintiff provided a list of numbers, but the calculations of the numbers listed was not complete.

**1. Default Interest**

Plaintiff applies default interest retroactively to May 2023, yet also claims complete nonpayment beginning August 2024. The accrual methodology is unclear and internally inconsistent. This inconsistency creates a factual dispute that prevents summary judgment.

**2. Attorneys' Fees**

Although contractual fee-shifting provisions may be enforceable, the requested fees must be reasonable. *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009). Plaintiff has not submitted detailed time records, hourly rates, a rate analysis, an affidavit of counsel establishing reasonableness. Reasonableness cannot simply be presumed, it must be established.

**3. Yield Maintenance Premium**

Yield maintenance provisions are enforceable only if they operate as a reasonable estimate of damages rather than as a penalty. *Holt's Cigar Co. v. 222 Liberty Assocs.*, 591 A.2d 743, 748 (Pa. Super. Ct. 1991). Plaintiff provides no evidence of treasury rate used, discount methodology, amortization inputs, calculation dates, or the present value computation. Absent strict proof, the claimed $1.45 million premium cannot be awarded as a matter of law and summary judgement should be denied.

### 4. Special Servicing Fees

Plaintiff seeks special servicing fees based on PSA provisions. Borrower is not a party to the PSA. Plaintiff has not demonstrated that the Loan Agreement clearly incorporates and binds Borrower to the PSA-based compensation structures. At minimum, this presents a factual dispute.

### IV. CONCLUSION

Plaintiff has not met its burden under Rule 56. Genuine disputes of material fact exist regarding Standing and possession of the Note at commencement, the chain of custody of the Note and business records, the authority of the special servicer, admissibility and reliability of business records, proper notice of default and acceleration, default interest calculations, yield maintenance methodology, the special servicing fees, and the reasonableness of attorneys' fees. As such, Defendant respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment. Alternatively, the Court should deny summary judgment as to damages and require evidentiary proof.

Respectfully submitted:

*/s/ Matthew Dopkin*

Matthew B. Dopkin, Esq.
Dopkin Law Firm, LLC
1514 Randy Lane
Cherry Hill, NJ 08003
215-519-4269
mdopkin@dopkinlawfirm.com
Counsel for Defendant

## CERTIFICATION

I hereby certify that on February 24, 2026, a true and correct copy of the forgoing Memorandum of Law was served via ECF upon all counsel of record.


*Matthew Dopkin* (signature)
_____

Matthew B. Dopkin, Esq.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPUTERSHARE TRUST COMPANY, NATIONALASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF BBCMS MORTGAGE TRUST 2023-C19, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2023-C19,<br><br>Plaintiff,<br><br>v.<br><br>PENNBROOK PORTFOLIO CC LLC,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 25-CV-00247 |

## **ORDER**

AND NOW, this _____ day of February, 2026, upon consideration of the Plaintiff's Motion for Summary Judgment and Defendant's Opposition thereto, it is hereby ORDERED that Plaintiff's Motion is DENIED.

IT IS FURTHER ORDERED that this matter shall proceed consistent with this Court's scheduling orders.

**By the Court:**

_____